O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENNIFER LYNN HENDERSON, | ) | CASE NO. SA CV 12-15-PSG (RZ) |
| | ) | Consolidated with |
| Petitioner, | ) | CASE NO. SA CV 11-0128-PSG (RZ) |
| | ) | |
| vs. | ) | ORDER ACCEPTING FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED |
| DEBORAH K. JOHNSON, Warden, | ) | STATES MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petitions, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected.

The bulk of the arguments that Petitioner makes in her objections is sufficiently addressed in the magistrate judge's Report. Three of her arguments, however, warrant further discussion. First, Petitioner asserts that the Report conflicts with the Ninth Circuit's mandate in *Henderson v. Johnson*, 710 F.3d 872 (9th Cir. 2013). In *Henderson*, the Ninth Circuit remanded "for the consideration of all exhausted claims." 710 F.3d at 873. Petitioner believes that this aspect of the Ninth Circuit's order required that all of her exhausted claims be addressed on their respective merits. Consequently, according to

1   Petitioner, the Ninth Circuit's order prohibited this Court from dismissing any of her claims
2   as procedurally defaulted.

3         Petitioner's argument evidences a misunderstanding of the difference between
4   an exhausted claim and a procedurally defaulted claim. An exhausted claim is one that has
5   been presented to the highest state court. *See Franklin v. Johnson*, 290 F.3d 1223, 1230
6   (9th Cir. 2002). And, to be sure, all of Petitioner's claims are exhausted, as each was
7   presented to the California Supreme Court. This, however, does not mean that the claims
8   are not procedurally defaulted and therefore subject to dismissal on that basis. A claim is
9   procedurally defaulted when the state court, in this case the California Supreme Court, does
10  not address the merits of the claim, but instead denies the claim pursuant to an independent
11  and adequate state law ground. *Id*. Thus, a claim can both be exhausted (in that it was
12  presented to the highest state court) and be procedurally defaulted (in that the state court
13  rejected it pursuant to an independent and adequate state law ground). *See id*.

14      Although Petitioner is correct that the Ninth Circuit's order in *Henderson* required
15  this Court to consider all of Petitioner's exhausted claims for relief, nothing in the Ninth
16  Circuit's order precluded the Court from considering whether any or all of those
17  claims were procedurally defaulted. Indeed, as noted in the Report, the Ninth Circuit has
18  instructed lower courts that "[w]hen considering claims on habeas corpus, [courts] must
19  first address the state's argument that a claim is procedurally defaulted." *Cooper v. Brown*,
20  510 F.3d 870, 923 (9th Cir. 2007). As such, the Report's finding that some of Petitioner's
21  claims were procedurally defaulted did not run afoul of the Ninth Circuit's opinion in
22  *Henderson*. *See Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir. 2005) (Ninth Circuit
23  mandate that district court, on remand, dismiss petition without prejudice as unexhausted
24  did not foreclose district court from dismissing petition with prejudice as procedurally
25  defaulted because Ninth Circuit's mandate "did not specifically address the issue of
26  procedural default").

27        Second, Petitioner contends that the magistrate judge applied the wrong legal
28  standard in addressing Petitioner's claim that the prosecutor withheld the purported fact

that he had struck an undisclosed deal with Machain in exchange for Machain's testimony. Specifically, Petitioner maintains that the magistrate judge incorrectly required Petitioner to show that the prosecutor's conduct resulted in a fundamental miscarriage of justice. According to Petitioner, the proper showing that Petitioner was required to make was that a reasonable likelihood existed that the prosecutor's failure to disclose the purported deal affected the jury's verdict.

Petitioner's objection is not well-taken. The magistrate judge's discussion of a "fundamental miscarriage of justice" standard is limited only to the section of the Report regarding whether any exception to the procedural default rule existed in Petitioner's case. As set forth in the Report, the procedural bar rule can be set aside if the petitioner demonstrates that failure to consider an otherwise procedurally defaulted claim "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Although Petitioner appears to believe that the magistrate judge addressed the merits of Petitioner's prosecutorial misconduct claim, Petitioner is mistaken. The magistrate judge concluded that the prosecutorial misconduct claim was procedurally barred. Accordingly, the magistrate judge, in accordance with *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), considered whether a constitutional violation "probably resulted in the conviction of one who is actually innocent." Having determined that the evidence did not suggest as much, the magistrate judge properly concluded that there was no applicable exception to the procedural bar rule.

Finally, Petitioner contends that the magistrate judge misunderstood the nature of Petitioner's challenge regarding the failure to disclose the purported deal that Machain struck in exchange for testifying. According to Petitioner, the magistrate judge understood Petitioner's claim to be limited to the failure to disclose any *formal* deals that Machain struck, when, in fact, Petitioner's claim involved the purported failure to disclose any deal with, or promise to, Machain, regardless of whether it was formal or informal. However, Petitioner has shown no facts suggesting that there was any deal or promise made to

Machain other than the one of which the jury was aware – namely, that the prosecutor would consider giving Machain leniency in exchange for his testimony.   Although Petitioner makes much of the fact that the magistrate judge did not use the word "informal" in discussing Petitioner's claim, the fact remains that there is no evidence that there was an undisclosed deal – formal or informal –  in place when Machain testified.

        In sum, none of Petitioner's objections is meritorious.  The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.


        DATED: 8/2/13



                          PHILIP S. GUTIERREZ
                          PHILIP S. GUTIERREZ
                 UNITED STATES DISTRICT JUDGE